# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JUDY ANDREWS                                                                                      PLAINTIFF

vs.                          CASE NO. 3:15-CV-00391-JTK

CAROLYN W. COLVIN, *Acting Commissioner*
Social Security Administration                                                          DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, Judy Andrews, appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) based on disability[1]. Both parties have submitted appellate briefs, and the case is ready for a decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, the decision of the Commissioner is remanded.

## Procedural History

Plaintiff protectively filed her application for benefits on March 10, 2013, alleging a disability date of October 21, 2011. (Tr. 181-88) Disability Determination Services (DDS) denied the claims initially and upon reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed her action in federal court.

## Administrative Proceedings

An administrative hearing was held on March 25, 2014, and was attended by Plaintiff, her attorney, and a vocational expert. (Tr. 27-77) Plaintiff was 53 years old at the time of the administrative hearing and had not engaged in substantial gainful activity since her alleged onset date. (Tr. 13) She has an eight grade education and past relevant work as an appliance assembler, press operator, a short order cook, a sewing machine operator, and a shoe assembler. (Tr. 20-21) The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found Plaintiff had the severe[3] impairments of Hepatitis C, asthma, and status post right shoulder fracture (with chronic shoulder pain). *Id.* The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing. (Tr. 15)

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 416.920 and 20 C.F.R. § 404.1520. An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921 and 20 C.F.R. § 404.1521.

In addition, the ALJ determined that Plaintiff had the residual functional capacity[4] (RFC) to perform light work[5] except she could not reach overhead with her non-dominant right upper extremity. (Tr. 16-20) In making this determination, the ALJ noted that while the Plaintiff experiences limitations and some of the symptoms alleged, it was not to the extent alleged by Plaintiff. (Tr. 20) The ALJ further found Plaintiff was capable of performing her past work as a sewing machine operator and shoe assembler. (Tr. 20-21) Consequently, the ALJ concluded Plaintiff was not disabled.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987).

---

[4] The RFC is "the most [a claimant] can do despite" his or her "physical or mental limitations." 20 C.F.R. § 416.945(a) and 20 C.F.R. § 404.1545(a).

[5] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b) and 20 C.F.R. 404.1567(b).

"'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the ALJ's decision that she is not disabled because she can perform her past relevant work is not supported by substantial evidence on the record as a whole. (DE #11, at pg. 7) Specifically, Plaintiff contends the ALJ erred by failing to resolve a possible conflict between the vocational expert's (VE) testimony and the job requirements listed in the *Dictionary of Occupational Titles* (DOT) and its companion volume, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO). The undersigned agrees and finds that remand is appropriate in this instance.

The ALJ, with the assistance of the vocational expert, determined that Plaintiff could return to her past relevant work as a sewing machine operator and shoe assembler. However, he also concluded Plaintiff could not perform overhead work with her non-dominant right upper extremity. A review of the DOT description for the aforementioned positions reveals they both require frequent reaching. See DOT #787.685-034 (sewing machine operator) and DOT # 690.685-222 (shoe assembler). Due to the fact that the term "reaching" includes overhead as well as reaching in front of or behind, the

4

requirement of frequent reaching creates a conflict between the DOT and the vocational expert's testimony. See SSR 85-15. In his decision, the ALJ noted that "[a]ccording to the information found in the DOT, the claimant's past relevant work as a sewing machine operation and a shoe assembler do not require the performance of any of the exertional or nonexertional limitations precluded by the claimant's residual functional capacity. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the DOT." (Tr. 21)  Furthermore, the vocational expert did not acknowledge that his testimony was in conflict with the DOT, but instead simply pointed out that the DOT "does not separate out reaching from any position overhead or at the waist or from the floor" and stated that he knew this from his experience as being a rehab counselor for the last 30 years. (Tr. 70)

"[A]n ALJ cannot rely on expert testimony which conflicts with the job classifications in the DOT unless there is evidence in the record to rebut those classifications. . ." *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003). Social Security Ruling 00-4p requires the ALJ to elicit a reasonable explanation for the conflict and also resolve the conflict by determining if the explanation "given by the vocational expert provides a basis for relying on the testimony rather than on the DOT. Here, the vocational expert did not explain how the Plaintiff can perform work which according to the DOT requires frequent reaching if she cannot perform any overhead reaching with her right upper extremity nor did the ALJ make any findings in his written decision with regard to the conflict.  Therefore, since the apparent conflict was not adequately addressed by the vocational expert and not resolved by the ALJ, this Court

finds that remand is necessary to allow the ALJ to resolve the conflict between the vocational expert's testimony and the DOT or to reassess whether Plaintiff remains capable of performing other work that exists in significant numbers in the national economy.

## Conclusion

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter remanded for further proceedings consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

SO ORDERED this 26th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE